**SIGNED THIS: May 26, 2011**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DONALD JAMES McPHERSON and** | ) | |
| **DENISE ANN McPHERSON,** | ) | No. 10-81280 |
| | ) | |
| Debtors. | ) | |
| ———————————————————— | ) | |
| | ) | |
| **SUCCESS BANK, f/k/a DAVIS COUNTY** | ) | |
| **SAVINGS BANK,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 10-8080 |
| | ) | |
| **DONALD J. McPHERSON,** | ) | |
| | ) | |
| Defendant. | ) | |

### O P I N I O N

This matter is before the Court upon the motion for summary judgment filed by

Success Bank, f/k/a/ Davis County Savings Bank ("Success Bank"), on its complaint

seeking a determination of nondischargeability of a debt resulting from a default judgment

entered in state court proceedings against the Debtor, Donald J. McPherson (DEBTOR).

On January 25, 2007, Success Bank loaned Bloomfield Ford, Inc. (Bloomfield Ford), a car dealership operated by the DEBTOR, the sum of $601,657.  On May 9, 2008, Success Bank made a loan of $481,558 to McCroskey Chevrolet-Buick-Pontiac-Olds-Cadillac, Inc. of Chariton (McCroskey Chevrolet), a second car dealership operated by the DEBTOR.  The DEBTOR, as controlling shareholder of both dealerships, personally guaranteed both obligations.  His spouse, Denise McPherson (Denise), guaranteed the Bloomfield Ford debt.

After the loans went into default, Success Bank brought a multi-count action in state court against Bloomfield Ford, McCroskey Chevrolet, the DEBTOR and Denise.  In addition to separate counts against Bloomfield Ford and McCroskey Chevrolet for the balances due on the respective loans and separate counts against the DEBTOR on the guaranty of the McCroskey Chevrolet debt and against the DEBTOR and Denise on the Bloomfield Ford guaranty, the complaint included a fifth count against the DEBTOR for false representation and fraud, alleging that the DEBTOR fraudulently misrepresented that the loans would be secured by a first-priority lien against the vehicles owned by Bloomfield Ford.  Success Bank alleged that the principal amount due on the Bloomfield Ford Loan was $564,058.35, plus accrued interest of $15,808.59 and late charges of $181.71, as of April 17, 2008, with interest accruing thereafter at the rate of 18% per annum.  The principal amount due on the McCroskey Chevrolet loan was $480,542.38, plus accrued interest of $11,129.22 and late charges of $153.00, as of April 17, 2008, with interest accruing thereafter at 18% per annum. Upon their failure to answer the complaint, Success Bank applied for a default judgment against Bloomfield Ford, the DEBTOR and Denise.  A judgment of default was entered on

2

September 3, 2009, which provided as follows:

> 5. Defendant Bloomfield Ford is indebted to Plaintiff as follows:
>   a. Principal in the amount of $433,786.04, plus late charges of $181.71, with interest continuing to accrue thereon at the rate of 18% per annum from and after April 17, 2009.
>   b. Defendants are indebted to Plaintiff for Attorneys fees and costs in the amount of $1,475.04.
>
> 6. Defendant Donald McPherson is indebted to Plaintiff as follows:
>   a. Principal in the amount of $818,502.01, plus late charges of $334.71, with interest continuing to accrue thereon at the rate of 18% per annum from and after April 17, 2009.
>   b. Defendants are indebted to Plaintiff for Attorneys fees and costs in the amount of $1,475.04.
>
> 7. Defendant Denise McPherson is indebted to Plaintiff as follows:
>   a. Principal in the amount of $433,786.04, plus late charges of $181.71, with interest continuing to accrue thereon at the rate of 18% per annum from and after April 17, 2009.
>   b. Defendants are indebted to Plaintiff for Attorneys fees and costs in the amount of $1,475.04.

The DEBTOR and Denise filed a joint Chapter 7 petition on April 17, 2010.  Success Bank filed an adversary complaint seeking a determination that the debt for monies loaned to Bloomfield Ford, Inc., which was personally guaranteed by the DEBTOR, is nondischargeable under section 523(a)(2)(A), based on the DEBTOR'S fraudulent misrepresentations.  Alternatively, Success Bank alleged that the debt was nondischargeble pursuant to section 523(a)(2)(B), based upon written statements used by the DEBTOR in obtaining the loans to Bloomfield Ford.  The DEBTOR, not represented by counsel but appearing *pro se*, filed an answer, denying the allegations of the complaint.  Success Bank filed a motion for summary judgment, based on the state court judgment and the theory of collateral estoppel.  In support of its motion, Success Bank submitted a copy of the state

court complaint and a copy of the default judgment.  The DEBTOR did not respond to the

motion.[1]

## ANALYSIS

Summary judgment is appropriate whenever the pleadings, depositions, admissions,

and affidavits on file, viewed in the light most favorable to the nonmoving party, show

there is no genuine issue of material fact and that the moving party is entitled to a

judgment as a matter of law.  In *In re Draiman*, 2006 WL 1876972 (Bankr.N.D.Ill. 2006), the

court addressed the movant's burden when a motion for summary judgment is premised

upon the doctrine of collateral estoppel:

> When a party seeks summary judgment based on the doctrine of
> collateral estoppel, the nonmoving party may not defeat the motion simply
> by establishing that it has evidence that conflicts with the factual conclusions
> of the trier of fact in the previous case.  Even if the nonmoving party
> produces evidence that contradicts a prior judgment, collateral estoppel bars
> the party from relitigating facts decided in the previous case.  *Prochotsky v.
> Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992); *Boim v. Quranic Literary
> Inst.*, 340 F.Supp.2d 885, 900 (N.D.Ill. 2004).  The moving party bears the
> burden to show that collateral estoppel applies in the first instance.  The
> nonmoving party may oppose the motion by arguing that the moving party
> has not met all elements of collateral estoppel.  But if collateral estoppel does
> apply, it forecloses litigation of issues that the prior court actually and
> necessarily decided. *Havoco v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303,
> 307-08 (1995).

Success Bank contends that the doctrine of collateral estoppel applies to preclude

the DEBTOR from relitigating Success Bank's section 523(a)(2)(A) claim, because the

elements of fraud adjudicated by the Iowa state court are identical with the  issues in the

---

[1]At a pretrial conference held on January 18, 2011, Success Bank was given sixty days to file a motion for summary
judgment and the DEBTOR was given sixty days to respond.

present action. Acknowledging that the question of the preclusive effect of the state court judgment is determined by Iowa law, Success Bank contends that it is immaterial that the judgment was entered by default.[2] According to Success Bank, under Iowa law, a default judgment is entitled to the same preclusive effect given a judgment entered after a trial on the merits. Success relies on *Lynch v. Lynch*, 250 Iowa 407, 94 N.W. 2d 105 (1959). In *Lynch*, the Supreme Court of Iowa held that a second action by a tenant seeking a declaratory judgment against the landlord was barred by a prior judgment entered against him in a declaratory action involving the same parties and the same premises, even though the judgment was obtained by default. Distinguishing collateral estoppel from *res judicata*, the court recognized that collateral estoppel is ordinarily not applicable to default judgments, but that a judgment rendered by default does not preclude the applicability of *res judicata*. Though the court blurred the distinction between the two doctrines, it determined that the real cause of action in both cases was the same – the *sine qua non* for application of the *res judicata* doctrine.[3]

*Res judicata*, which prohibits the relitigation of an identical legal claim, is the wrong legal doctrine here. Collateral estoppel, which bars the relitigation of issues that have been determined in a prior lawsuit, applies to nondischargeability actions in bankruptcy

---

[2]The preclusive effect of a state court judgment in bankruptcy is determined by the law of the jurisdiction that rendered the judgment. 28 U.S.C. § 1738; *In re Catt*, 368 F.3d 789, 790-91 (7th Cir. 2004).

[3]The court in *Lynch* stated the rule that collateral estoppel is not applicable to a true default judgment with considerable certainty:

> Collateral estoppel is usually not available in default cases. We recognized this distinction and referred to the collateral estoppel doctrine in *Matson v. Poncin*, 152 Iowa 569, 572, 132 N.W. 970, 971, 38 L.R.A., N.S., 1020, where we said: '* * * it must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to subsequent action.'
>
> Here there was a default in [the prior case] instead of a trial on the merits, and so further consideration of the collateral estoppel rule will not be especially helpful.

proceedings. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 656, 112 L.Ed2d 755 (1991). *Res judicata* does not.[4] *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Levinson v. U.S.*, 969 F.2d 260 (7th Cir. 1992). A cause of action to determine the dischargeability of a debt does not exist outside the bankruptcy arena, but is exclusively within the jurisdiction of the bankruptcy court. *In re Barrett*, 410 B.R. 113 (Bankr.S.D.Fla. 2009).

In *In re Arensdorf*, 1999 WL 33456230 (Bankr.N.D.Iowa 1999), the court denied the creditor's motion for summary judgment on its section 523(a)(2)(A) complaint premised on a state court judgment entered by default against the debtor, determining that a default judgment is not entitled to collateral estoppel effect under Iowa law.[5] The court examined Iowa law, including *Lynch*, concluding that collateral estoppel does not apply unless the issue was raised and litigated in the prior action. More recent Iowa cases are to the same effect. *Braunschweig v. Fahrenkrog*, 773 N.W.2d 888 (Iowa 2009); *City of Johnston v. Christenson*, 718 N.W.2d 290 (Iowa 2006). In the state court action involved here, the DEBTOR did not answer the complaint or otherwise appear. Application of collateral estoppel based on the default judgment is precluded under Iowa law.

There is yet another reason why the motion for summary judgment must be denied. In its state court action, Success Bank asserted multiple claims against the DEBTOR.[6] The judgment entered against the DEBTOR did not identify the particular count of the

---

[4]*Res judicata* does, however, apply to bankruptcy matters that do not involve the dischargeability of a debt. *In re Professional Coatings (N.A.), Inc.*, 210 B.R. 66 (Bankr.E.D.Va. 1997).

[5]Bankruptcy Judge Kilburg followed his decision in *Arensdorf* in *In re Guyer*, 2010 WL 2103572 (Bankr.N.D.Iowa).

[6]In *In re Frank*, 425 B.R. 435 (Bankr.W.D.Mich. 2010), the court discussed the concerns in applying the doctrine of collateral estoppel to a judgment entered on a multi-count state court complaint. *See also In re Green*, 262 B.R. 557 (Bankr.M.D.Fla. 2001).

complaint upon which it was based.  Judgment could have been entered on the guaranty, which would not be excepted from discharge under section 523(a)(2)(A) or it could have been entered on the fraud claim, which may form a sufficient basis upon which a determination of nondischargeability could be made under section 523(a)(2)(A). Given that lack of specificity, it cannot be determined that the alleged fraud raised in the prior litigation was a critical and necessary part of the state court judgment, rendering application of the doctrine of collateral estoppel inappropriate.

Accordingly, the motion filed by Success Bank for summary judgment will be denied.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###